UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEDA RAZAVI,<br><br>    Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | Case No. 18-cv-04768-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DEFENDANT'S DISCOVERY OF PLAINTIFF**<br><br>Re: Dkt. No. 32, 33 |

Plaintiff Neda Razavi and defendant Abbott Laboratories ("Abbott") dispute whether Ms. Razavi's production of documents and information pursuant to the initial discovery protocols of General Order 71 relieves her of the obligation to serve written responses to Abbott's documents requests, interrogatories, and requests for admissions in compliance with the Federal Rules of Civil Procedure.[1]

For the reasons discussed below, the Court concludes that General Order 71 does not relieve Ms. Razavi of her obligations to respond to Abbott's written discovery requests.

**I.    BACKGROUND**

In this action, Ms. Razavi asserts claims for discrimination and harassment based on race, religion and national origin. Abbott denies Ms. Razavi's allegations and asserts that it terminated

---

[1] For purposes of this order, the Court ignores the parties' respective statements of the dispute, about which they apparently could not agree, and relies instead on their respective statements of position. Specifically, the Court has relied on Ms. Razavi's statement of her position in Dkt. No. 32 and has relied on Abbott's statement of its position in Dkt. No. 33. The Court will disregard the discussion critical of Ms. Razavi that Abbott included under the heading "Plaintiff's Position" in Dkt. No. 33. The Court will also disregard the supplemental submission Ms. Razavi filed in Dkt. No. 34.

Ms. Razavi's employment for legitimate, non-discriminatory and non-retaliatory reasons. *See* Dkt. No. 17 at 2-3. Ms. Razavi filed this action in state court on June 6, 2018. Dkt. No. 1. Abbott answered the complaint on July 13, 2018, and removed the action to this Court on August 7, 2018. *Id*.

Ms. Razavi contends that she complied with the initial discovery requirements of General Order 71 on November 5, 2018. She says that General Order 71 does not permit a party to serve additional discovery requests that seek information required to be disclosed by General Order 71, and that she has objected to Abbott's discovery requests on that ground on several occasions.[2] Dkt. No. 32 at 2-3. Abbott states that it served document requests, interrogatories and requests for admissions on Ms. Razavi on November 19, 2018, to which Ms. Razavi has not responded. Abbott argues that nothing in General Order 71 relieves Ms. Razavi of her obligation to respond, and that Abbott's discovery requests do not merely seek the same documents and information already provided by Ms. Razavi. Dkt. No. 33 at 2-4.

## II. DISCUSSION

### A. General Order 71

In cases involving adverse employment actions, General Order 71 requires the parties to exchange certain categories of information and documents at the outset of the case, unless the Court orders otherwise. The purpose of these initial discovery protocols "is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved[,] and to plan for more efficient and targeted discovery." General Order 71 at 1. The initial discovery protocols supersede the parties' obligations to make initial disclosures under Rule 26(a)(1), but they expressly do not supersede the parties' obligations to comply with other discovery-related requirements of the Federal Rules of Civil Procedure:

> The Initial Discovery Protocols *are not intended to preclude or to modify the rights of any party for discovery as provided by the F.R.C.P. and other applicable local rules*, but they are intended to supersede the parties' obligations to make initial disclosures pursuant

---

[2] Ms. Razavi did not move for a protective order under Rule 26(c) before the deadline to respond to Abbott's discovery had expired. Such a motion could have been made on an expedited basis in accordance with the Court's discovery dispute procedures.

2

1    to F.R.C.P. 26(a)(1).

2    *Id.* (emphasis added). Ms. Razavi's contention that General Order 71 somehow preempts all other

3    discovery is wholly unsupported by any authority and contrary to the express language of General

4    Order 71.

### B. Requirements of the Federal Rules and Local Rules

Rules 33, 34, and 36 of the Federal Rules of Civil Procedure state the requirements for responses and objections to interrogatories, document requests, and requests for admissions. *See* Fed. R. Civ. P. 33(b) and (d), 34(b), 36(a)(3)-(5). The Civil Local Rules of this Court include additional requirements for written discovery and responses to written discovery. *See* Civil L.R. 33, 34, 36. For interrogatories, a responding party must serve written answers and objections, if any, within 30 days. Fed. R. Civ. P. 33(b)(2). Answers and objections to interrogatories must set forth each question in full before each answer or objection. Civil L.R. 33-1. Any objections must be stated with specificity, and each interrogatory must (to the extent not objected to) be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3)-(4). Similarly, for document requests, a responding party must serve written responses and objections, if any, within 30 days. Fed. R. Civ. P. 34(b)(2)(A). Responses and objections to document requests must set forth each request in full before each response or objection. Civil L.R. 34-1. The responding party must state its objections with specificity and must specify when inspection will be permitted or production made. Fed. R. Civ. P. 34(b)(2)(B)-(C). For requests for admissions, a matter is deemed admitted unless a responding party serves written responses denying the request, in whole or in part, qualifying its answer, or objecting to the request. Fed. R. Civ. P. 36(a)(3)-(5). Responses to requests for admissions must set forth each request in full before each response or objection. Civil L.R. 36-1.

### C. Abbott's Discovery Requests

According to Ms. Razavi, she has objected to Abbott's written discovery in writing on four occasions: (1) the November 6, 2018 Joint Case Management Statement (Dkt. No. 17); (2) an email dated December 27, 2018; (3) an email dated December 28, 2018; and (4) the February 27, 2019 Joint Case Management Statement (Dkt. No. 27). None of these writings complies with the

3

requirements of the Federal Rules or the Civil Local Rules. At best, they contain a general assertion of blanket objection to all of Abbott's requests. Ms. Razavi says that she should not have to respond to any discovery requests that "duplicate" the discovery she has already provided. The fact that some of Abbott's interrogatories and documents requests may seek information and documents that Ms. Razavi has already provided does not excuse Ms. Razavi from complying with the requirements of those discovery requests. Moreover, it is readily apparent from Abbott's submission (Dkt. No. 33, Ex. A-C) that not all of its requests are duplicative of the information and documents covered by General Order 71.[3]

Ms. Razavi must respond, fully and completely, to each of Abbott's interrogatories and document requests no later than **March 20, 2019**. Abbott contends that by failing to respond as required by the Federal Rules and the Civil Local Rules, Ms. Razavi has waived all objections to Abbott's interrogatories and document requests. The Court agrees that Ms. Razavi has not shown good cause for failing to respond to Abbott's interrogatories and document requests, and finds that she has waived all objections, save an objection that a particular interrogatory or request calls for information and documents that she has already provided. If warranted, Ms. Razavi may make that objection in response to specific interrogatories or document requests. However, such objection will not relieve Ms. Razavi of her obligation to answer interrogatories or produce documents. Ms. Razavi must answer Abbott's interrogatories under oath, and she does not contend that the information she previously provided to Abbott pursuant to General Order 71 was provided under oath. If Ms. Razavi believes that she has already produced documents responsive to a particular document request, she need not re-produce such documents, but may refer Abbott to the documents previously produced (e.g. by identifying the responsive documents by Bates number).

---

[3] The Court does not agree with Abbott's thesis that because it has served only 18 interrogatories, 27 document requests, and 18 requests for admissions that its discovery is "without question" proportional to the needs of the case. *See* Dkt. No. 33 at 4. However, Ms. Razavi has not objected to this discovery on any other ground, save that it is duplicative of what General Order 71 already requires. General Order 71, by its terms, states that the initial discovery required to be exchanged "is not subject to objections, except upon the grounds set forth in F.R.C.P. 26(b)(2)(B)." General Order 71 at 1.

4

Abbott is correct that, by operation of Rule 36(a)(3), Ms. Razavi is deemed to have admitted Abbott's requests for admissions because Ms. Razavi failed to answer or object to those requests within 30 days of service. As with Abbott's interrogatories and document requests, Ms. Razavi has waived any objections to these requests by failing to timely assert them. Here, Ms. Razavi's general objection regarding "duplicative" requests is irrelevant to Abbott's requests for admissions, as the initial discovery protocols of General Order 71 do not require the parties to make admissions. A matter admitted under Rule 36 is conclusive unless the Court, on motion, permits a party to withdraw or amend the admission. Fed. R. Civ. P. 36(b). Ms. Razavi has not made such a motion here.

### III. PROFESSIONAL CONDUCT REQUIRED

Counsel are reminded that the standards of professional conduct and Civil Local Rule 11-4 require them to "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice." Civil L.R. 11-4(a)(4).

The Court expects the parties to comply with the discovery resolution provisions of the Court's Standing Order for Civil Cases. Even if they cannot agree on a neutral statement of the issues in dispute, they should be able to file a *single* joint submission that reflects their respective statements of the issues. No party may file unilaterally a discovery dispute letter purporting to represent both its own and its adversary's positions without the permission of its adversary. If one party fails to cooperate in the preparation of the joint submission required by the Standing Order, the aggrieved party may file an administrative motion seeking relief from the obligation to file a joint submission. *See* Civil L.R. 7-11. The parties may not email the Court or Judge DeMarchi's courtroom deputy to air their grievances. *See* Civil L.R. 11-4(c).

**IT IS SO ORDERED.**

Dated: March 6, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge